**James Albert DICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36057.**

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Dec. 11, 1963.

Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is the possession of marihuana; the punishment, thirty years.

Appellant and Johnny Clarence Spriggins were jointly indicted for the offense, but were separately tried.

A judgment of conviction of the coindictee, Spriggins, was affirmed by this court in an opinion this day delivered in Cause No. 36,058, styled Johnny Clarence Spriggins, Appellant, vs. The State of Texas, Appellee, and not yet reported.

The evidence presented by the state in the two cases is very similar and shows that Sheriff Floyd Taylor, of Gaines County, with other officers, went to a windmill located in Gaines County, Texas, near the Texas-New Mexico state line and found three packages hidden in a "freeze box" which they thought might contain marihuana. The packages consisted of three paper sacks wrapped in cellophane, each of which was described in the testimony as being about "seven inches long" and "four inches deep." Sheriff Taylor proceeded to take one of the packages from the freeze box, leave the other two, and set up a "stake-out" at the windmill. Two days later while Deputy Sheriff Welch was watching the windmill, with binoculars, from a point one-fourth mile away, he observed a Chevrolet automobile stop at the windmill, two men get out and go to the freeze box. In some six minutes the men returned to the automobile and drove away. As the Chevrolet approached, Deputy Welch observed a paper sack thrown from the right side. He proceeded to give chase and after pursuing the Chevrolet for some distance and attaining a speed of 100 miles per hour, brought the vehicle to a halt. At such time, appellant was driving the automobile, which was registered in his name, and his codefendant Spriggins was seated in front on the right. Two paper sacks wrapped in cellophane

were then found by the officers on the shoulder of the road where Officer Welch had observed the sack thrown from the Chevrolet automobile. These two sacks, along with the other sack taken from the freeze box by the officers, were submitted to Chemist Wayne Merritt at the Department of Public Safety in Midland for examination. Also submitted to the chemist for examination were some dustings taken from the Chevrolet by the officers, with a vacuum cleaner, and certain particles picked up from the floor of the automobile.

An examination by the chemist revealed that all of the exhibits submitted contained pure marihuana, a narcotic drug, except the particles picked up from the floor of the Chevrolet. Traces of marihuana were found in the vacuum cleaner sweepings. Chemist Merritt testified that the total amount of marihuana contained in the exhibits was 604 grams, being slightly less than a pound and a half, which amount would make up to 3,000 marihuana cigarettes.

As a witness in his own behalf, appellant testified that on the day in question, he and his codefendant, Spriggins, went to the vicinity of the windmill to hunt rabbits; that they stopped at the windmill to get his gun out of the turtle of the car and discovered that it was not there. Appellant denied any knowledge of the marihuana.

Certain character witnesses were called by appellant, who testified that his general reputation for being a peaceable and law-abiding citizen was good.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction.

A similar contention was presented and overruled in the codefendant's case, in our

holding that the evidence did exclude every other reasonable hypothesis except the guilt of the accused.

We find the evidence sufficient to sustain the conviction in the instant case.

The judgment is affirmed.

Opinion approved by the court.